J-A01008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAR-LIN MINATEE | : | |
| | : | |
| Appellant | : | No. 1139 EDA 2025 |

Appeal from the Order Entered April 16, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  231100633

BEFORE:  DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED DECEMBER 9, 2025**

Appellant, Mar-Lin Minatee, appeals *pro se* from the April 16, 2025 order entered in the Philadelphia County Court of Common Pleas granting the motion for summary judgment filed by Appellee, Pennymac Loan Services, LLC, in this mortgage foreclosure action.  After careful review, we are constrained to dismiss this appeal.

The facts of this case are immaterial to our disposition as substantial defects in Appellant's brief preclude meaningful appellate review.

Appellate briefs "must materially conform to the requirements" set forth in our Rules of Appellate Procedure, and we may quash or dismiss an appeal if the defect in the brief is substantial.  ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101.  "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally

confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

"The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted); ***see also*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c); ***see also Commonwealth v. B.D.G.***, 959 A.2d 362, 371–72 (Pa. Super. 2008) (finding waiver where appellant failed to cite any pertinent authority to support his argument). As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Here, Appellant has included a singular paragraph of argument in support of the two questions presented for our review in violation of Rule 2119(a). Furthermore, Appellant's argument is substantially underdeveloped.

He has not included any citations to the record and has failed to provide citations to any controlling legal authority to support his argument. He has, thus, failed to apply the law to the facts of his case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and caselaw. *See* Pa.R.A.P. 2119(a), (c); ***B.D.G.***, 959 A.2d at 371–72. Accordingly, Appellant's brief fatally impedes our review.[1] We, therefore, dismiss this appeal.

Appeal dismissed. The prothonotary is directed to remove this case from the January 6, 2026 argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2025

---

[1] Appellant also neglected to include in his brief the text of the order on appeal and a statement of the scope and standard of review, and to append to his brief a copy of his Pa.R.A.P. 1925(b) statement as required by Rule 2111(a)(2), (3), and (11).

- 3 -